IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> NATHANIEL DIAZ PUNZALAN, <br> Defendant. | CRIMINAL CASE NO. 07-00075 <br> CIVIL CASE NO. 16-00066 <br><br> **ORDER** |

On July 7, 2016, the Defendant, proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "Second Section 2255 Motion"). *See* ECF No. 189. Because the Defendant's Second Section 2255 Motion is a "second or successive" petition that requires Section 2255(h) certification before this court may assert jurisdiction, it is hereby DENIED without prejudice.

## BACKGROUND

On August 14, 2008, following a jury trial, the Defendant was found guilty of one count of Possession of a Firearm by a Felon. *See* Verdict Form, ECF No. 116. On May 5, 2009, the court sentenced the Defendant to 120 months imprisonment, followed by three years of supervised release. *See* Judgment, ECF No. 138.

On May 8, 2009, the Defendant appealed his conviction to the Ninth Circuit Court of Appeals, which subsequently affirmed his conviction on January 19, 2011. *See* Notice of Appeal, ECF No. 142, and Mandate, ECF No. 158. The Defendant thereafter filed a petition for writ of

certiorari to the United States Supreme Court, which was denied on June 6, 2011. *See Punzalan v. United States*, 131 S. Ct. 2981 (2011).

On December 20, 2011, the Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "First Section 2255 Motion"). *See* ECF No. 162. Therein, the Defendant asserted two grounds to invalidate his sentence: (1) the evidence used at trial was the product of unlawful entry and search, and (2) he received ineffective assistance of counsel. *Id.* at 5-6. On February 24, 2014, the court denied the Defendant's First Section 2255 Motion. *See* Order, ECF No. 180.

On July 7, 2016, the Defendant filed the instant Second Section 2255 Motion. *See* ECF No. 189. Therein, he asserted that he had been sentenced under the "residual clause," which clause has been "deem[ed] unconstitutionally vague." *See* Second Section 2255 Motion at ¶12.A, ECF No. 189. The court believes the Defendant is relying upon the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act (18 U.S.C. § 924(e)) is unconstitutionally void for vagueness.

## ANALYSIS

A defendant is required to seek and receive certification by a panel of the appropriate court of appeals before he may file a second or successive habeas petition in the district court. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). To obtain certification to file a second or successive motion from the appellate court, a defendant must demonstrate that the motion was filed based on

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also* Rule 9 Governing § 2255 Cases in the U.S. District Courts ("Before presenting a second or successive petition, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2255.").

This requirement of Section 2255(h) creates a jurisdictional bar to a defendant's claims in this court if he does not first obtain the Ninth Circuit Court of Appeals' authorization. *Ezell v.*

*United States*, 778 F.3d 762, 765 (9th Cir. 2015). A second habeas petition is not considered successive if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. *Slack v. McDaniel*, 529 U.S. 473, 485-87 (2000).

In this case, the Defendant's First Section 2255 Motion was decided on the merits. *See* Order, ECF No. 180. Accordingly, the instant Second Section 2255 Motion is a second or successive petition that requires certification from the Ninth Circuit Court of Appeals, which the Defendant has not yet obtained.

**CONCLUSION**

The Defendant's Second Section 2255 Motion (ECF No. 189) is a "second or successive" petition that requires certification from the Ninth Circuit Court of Appeals before this court may assert jurisdiction. Accordingly, the court DENIES without prejudice the Second Section 2255 Motion. The Defendant may re-file his request once he obtains the appropriate certification from the Ninth Circuit Court of Appeals authorizing the filing of a second or successive Section 2255 habeas petition with this court. Additionally, the court DENIES without prejudice the Defendant's Motion to Appoint Counsel (ECF No. 188). The Defendant can renew his request for counsel if the appellate court authorizes the filing of a second Section 2255 petition.

IT IS SO ORDERED.



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Aug 04, 2016**